EMILIA PIÑÁN WIDOW OF FAJARDO, Plaintiff and Appellee, v. SECRETARY OF THE TREASURY, Defendant and Appellant.

No. 12062.   Decided August 15, 1961.

*J. B. Fernández Badillo, Acting Secretary of Justice,* and *José A. García Malpica, Assistant Attorney General,* for appellant. *Amador Ramírez Silva* for appellee.

Division composed of Mr. Justice Blanco Lugo, as Chief Judge of Division, and Mr. Justice Rigau and Mr. Justice Dávila.

MR. JUSTICE BLANCO LUGO delivered the opinion of the Court.

The Secretary of the Treasury notified certain deficiencies to Emilia Piñán widow of Fajardo for the taxable years 1945 and 1946. As respects this appeal, it is only pertinent to say that these deficiencies were partly the result of the readjustment of the income declared by the taxpayer in 1945, adding thereto the sum of $6,162.40 as income received from her share in the profits of an agricultural partnership (*Treasurer* v. *Tax Court; Ballester, Int.,* 69 P.R.R. 700 (1949), 70 P.R.R. 364 (1949)), and adding also $7,769.72 and $13,005.61 to the income declared in 1945 and 1946, respectively, which sums were received by her as payment of profits under the Sugar Act (*Bravo* v. *Treasurer of Puerto Rico,* 76 P.R.R. 145 (1954)).

The final notices of deficiency were given on December 9, 1954, and the complaint was filed on the following January 7. The judgment rendered by the Superior Court, Mayagüez Part, includes two pronouncements which read as follows:

"1. The determination made by the Secretary of the Treasury is hereby confirmed in so far as he added the sum of $7,769.72 to the sum of $13,005.61 which the plaintiff declared as income for 1945 received from a federal subsidy under the Sugar Act, and in so far as he added the sum of $13,005.61 to the taxpayer's income for 1946 on that account; it being provided and ordered, however, that the defendant shall readjust the plaintiff's tax for the year 1945, crediting to her the amount she paid on the sum of $20,775.33 which she declared as income for 1944 on the aforesaid account.

"3. The determination made by the Secretary of the Treasury is hereby confirmed in so far as he included the sum of $6,162.40 as income received by the plaintiff in 1945 from her share in 'Comunidad Altagracia'; it being provided and ordered,

however, that the defendant shall readjust the plaintiff's tax for that year, crediting the amount paid by her on the sums of $1,335.77, $1,507.77, and $1,224.21 which she declared she had received in 1941, 1942, and 1943, in excess of the amounts actually received during those years from her share in the said community."

In the appeal taken the Secretary alleges lack of jurisdiction of the trial court to include pronouncements allowing credits to the taxpayer, by way of recoupment, on the deficiencies in litigation for the years 1945 and 1946, in consideration of the tax overpaid by her in the previous years of 1941, 1942, 1943, and 1944.

█ This question was considered and decided in *Petrovich* v. *Sec. of the Treasury*, 79 P.R.R. 237 (1956). We said that § 57 (*h*) of the Income Tax Act of 1924 (Sess. Laws, p. 400), as amended by Act No. 9 of October 8, 1954 (Sp. Sess. Laws, p. 122; 13 L.P.R.A. § 775), limits the jurisdiction of the Superior Court to redetermining only the deficiency for the taxable year in question, but that it is precluded from determining whether the taxpayer made any overpayments in any taxable year prior or subsequent to that in which the deficiency in question was determined and assessed, for the purpose of passing upon the defense of recoupment based on such overpayments. We have carefully re-examined the question, considering especially that the result entails the collection of a double tax by the Treasury on the same items of income. We ratify what we said in *Petrovich*, *supra*, and say in passing that the remedy for this situation requires legislative action.[1] By way of interpretation, we are not authorized to intervene, since the letter of the said § 57 (*h*) is clear and free from ambiguity.

---

[1] The inflexibility of this rule was more pronounced when the term for determining a deficiency was seven years and that provided for filing an application for refund was four years. As of the enactment of the Income Tax Act of 1954, both terms are the same. See 13 L.P.R.A. § § 3275 (*a*) and 261.

■ Moreover, in the original opinion in *Petrovich* v. *Sec. of the Treasury*, 77 P.R.R. 152 (1954),[2] we held that in view of the fact that in a claim based on an overpayment made in a given taxable year the Secretary of the Treasury has authority to reaudit the entire year and *all the items* in order to ascertain whether such overpayment was actually made, a taxpayer may not claim, by way of recoupment, an overpayment based on *only one* of the items declared in that case. This was precisely what the taxpayer did in the instant case, that is, she alleged that she was entitled to a credit for the overpayment which she made in the years 1941 to 1944, based on certain specific items.[3]

The judgment rendered by the Superior Court, Mayagüez Part, on August 16, 1955, will be reversed in so far as, by way of recoupment, it allowed a credit to the taxpayer in the manner set forth in the opinion.

---

[2] Even though the opinion on reconsideration in the case of Petrovich (79 P.R.R. 237) was rendered by a divided court, the original opinion was unanimously approved by the members who at that time composed the Court.

[3] In challenging the amount of the deficiency notified, it is said in the complaint:

"The plaintiff now claims that she did not incur the alleged deficiencies and that, if any, the amount thereof would by far be lower than the amount claimed, alleging further that in order to arrive at the amount in question, according to plaintiff's information and belief, the defendant did not take into consideration, through his subordinate employees, the accrual system which the plaintiff consistently used in her accounting and which is authorized and sanctioned in the Act, nor the income-tax payments made by the plaintiff for those years on the amounts which she received from Agricultural Adjustment Administration, as dividends from Central Igualdad, on account of profits and rents from Comunidad Altagracia; nor did he take into consideration the loss sustained in the sale of a Cadillac automobile and the worthless debts of Celso Rodríguez and Juanita Almodóvar, and which, if decided in the fashion defendant did in his final determination, would lead to the illogical result of imposing to the taxpayer double taxation for the years in question, *i. e.*, the tax already paid on the amounts received by her and the amount now sought to be levied by virtue of such final determination."